UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALE J.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-1079 RAJ

**ORDER AFFIRMING THE COMMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff appeals denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by failing to address a report from his physical therapist and by discounting his symptom testimony. Dkt. 12. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 48 years old, has at least a high school education, and has worked as a security guard. Dkt. 10, Admin. Record (AR) 22-23, 35. Plaintiff applied for benefits in May 2016, alleging disability as of December 16, 2015. AR 16. After conducting a hearing in February 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 33-69, 16-24.

## THE ALJ'S DECISION

Using the five-step disability evaluation process,[1] the ALJ found Plaintiff's spine disorders severe. AR 18. The ALJ found Plaintiff had the residual functional capacity (RFC) to perform light work with additional postural and environmental limitations, standing and walking four hours and sitting six hours per day or with a sit/stand option, occasionally reaching overhead, and frequently handling with the right hand. AR 19. With this RFC, the ALJ found Plaintiff could perform his past work as a security guard. AR 22.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Chaviess Durocher, P.T.**

Treating physical therapist Ms. Durocher examined Plaintiff in August 2016. AR 357. Most findings were within normal limits or within functional limits. AR 358-59. Ms. Durocher determined Plaintiff was "[a]t least 40% but less than 60% impaired, limited or restricted" in the category of mobility, *i.e.*, "[w]alking and moving around." AR 360. Plaintiff contends the ALJ erred by failing to address this statement as a medical opinion. Dkt. 12 at 3. The Commissioner contends the ALJ incorporated any restrictions opined by Ms. Durocher into the RFC. Dkt. 13 at 4.

There is no harmful error in failing to address a medical opinion that is reasonably incorporated into the RFC. *See Turner v. Comm'r of Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [the doctor's] conclusions"). Plaintiff asserts that a "reduction of 40 to 60% in the ability to walk is inconsistent with the ALJ's RFC determination" but fails to explain how. Dkt. 12 at 7. Plaintiff's briefing consists largely of recitation of medical findings with little explication of their legal or evidentiary relevance. An ALJ is permitted to translate medical opinions into an RFC formulation, "where the assessment is consistent with restrictions identified in the medical testimony." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The RFC only allows standing and walking four hours total per day. AR 19. Plaintiff has identified no inconsistency between Ms. Durocher's report and the RFC, and thus has not shown the ALJ harmfully erred.

**B.    Plaintiff's Testimony**

Plaintiff testified he spends most of his time reclining in a chair and has constant neck pain, a lot of lower back pain, and weakness in his right side. AR 44-46. Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

Inconsistent statements are a clear and convincing reason to discount a claimant's testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff testified he could lift and carry 10 to 15 pounds. AR 51. The ALJ discounted this testimony because Plaintiff told examining physician Dan V. Pham, M.D., in July 2016 that he could lift 10 pounds with the right and 50 pounds with the left arm. AR 22, 346. Plaintiff refers vaguely to

undergoing another surgery after Dr. Pham's examination and an April 2018 MRI showing moderate deltoid atrophy, suggesting his functioning worsened after July 2016. Dkt. 12 at 16; AR 31. But at the hearing, asked to explain his statement to Dr. Pham, Plaintiff did not testify that his ability to lift decreased; rather, he testified he "thought [he] could" lift 50 pounds but "d[id]n't know" why he thought that. AR 51. The ALJ is responsible for evaluating evidence and resolving conflicts and ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence supports the ALJ's finding that Plaintiff made inconsistent statements, which was a clear and convincing reason to discount his testimony.

The ALJ also discounted Plaintiff's testimony because his condition improved with treatment to a degree that contradicted his testimony. AR 22; *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) (that symptoms "improved with the use of medication," "contrary to [plaintiff's] claims of lack of improvement," was a clear and convincing reason to discount plaintiff's testimony). Substantial evidence supports the ALJ's finding. January 2018 treatment notes show that after neck surgery Plaintiff reported his remaining complaint was "mostly right shoulder pain" with only "some neck pain" and right arm pain. AR 512. His medication helped his functioning and pain. *Id*. His doctor continued decreasing his opioid regimen as he reported no worsening pain. *Id*. This contradicted Plaintiff's February 2018 testimony of "nonstop, … constant pain" in his neck. AR 44-45.

Largely normal clinical findings, such as normal gait and extremity strength, provided further support for discounting Plaintiff's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."). Plaintiff's briefing, again, largely recites medical records and interprets them as supportive of Plaintiff's

testimony. However, it is not the Court's role to reweigh the evidence but to review the ALJ's decision for legal error or lack of substantial evidence. Plaintiff quibbles with the ALJ's characterization of certain records, but fails to show error. For example, the ALJ correctly characterized treatment notes by Todd Baumeister, D.O., stating Plaintiff "ambulates and transfers without antalgia" while Plaintiff cites another treatment note by Dr. Baumeister a month earlier noting "mild" antalgia. AR 390, 383. This does not deprive the ALJ's finding of substantial evidentiary support. Plaintiff also challenges the ALJ's acceptance of Dr. Pham's opined limitations, but fails to show error. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one). In any case, even if the ALJ erred in discounting Plaintiff's testimony based on lack of support in the medical record, inclusion of erroneous reasons is harmless error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008) (inclusion of erroneous reasons to discount claimant's testimony was harmless because "remaining valid reasons supporting the ALJ's determination are not 'relatively minor'"). The ALJ provided the clear and convincing reasons of inconsistent statements and improvement with treatment.

The ALJ did not err by discounting Plaintiff's testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 10th day of April, 2020.

The Honorable Richard A. Jones
United States District Judge